

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-26-00066-CV

IN THE INTEREST OF C.A. AND C.A., CHILDREN

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 2025-673-CCL2

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

This is an appeal from the trial court's judgment terminating Mother's parental rights to her children, C.A. and C.A.,[1] on grounds that Mother (1) knowingly placed or knowingly allowed her children to remain in conditions or surroundings that endangered their physical or emotional well-being, (2) engaged in conduct or knowingly placed her children with persons who engaged in conduct that endangered the physical or emotional well-being of the children, (3) constructively abandoned the children, and (4) used a controlled substance in a manner that endangered the health or safety of her children and continued to abuse controlled substances after completion of a court-ordered substance abuse treatment program.[2]  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (O) (Supp.).  The trial court further found that termination was in the children's best interests.  *See* TEX. FAM. CODE ANN. § 161.001(b)(2) (Supp.).  Mother's court-appointed appellate counsel has filed a motion to withdraw and a brief discussing the applicable law and evaluating the entire record in this case.  Counsel for Mother concludes that no non-frivolous grounds can be advanced to support reversal of the trial court's judgment.  Because we agree, we affirm the trial court's judgment.

Mother's counsel has filed a brief stating that he has reviewed the record and has found no genuinely arguable issue that could be raised on appeal.  The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings.  Meeting the requirements of *Anders v. California*, mother's counsel has provided a professional

---

[1]We use initials to protect the identities of the children and refer to their parents as Mother and Father.  *See* TEX. R. APP. P. 9.8.

[2]The trial court also terminated Father's parental rights, but he does not appeal.

evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *see In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental-rights termination cases).

On May 19, 2026, Mother's counsel mailed Mother copies of the brief, the motion to withdraw, and the appellate record. Mother was informed of her right to file a pro se response and has done so.

We have independently reviewed the entire appellate record and Mother's pro se response and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Accordingly, we have determined that this appeal is wholly frivolous. Therefore, we affirm the trial court's judgment.

Even so, we deny Mother's counsel's motion to withdraw. *See In re P.M.*, 520 S.W.3d at 27 (noting that, in parental-rights termination cases, court-appointed counsel's duty to his client generally extends "through the exhaustion of appeals," "including the filing of a petition for review" in the Texas Supreme Court). If Mother desires to pursue this matter in the Texas Supreme Court, counsel may fulfill his duty "by filing a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 28.

We affirm the judgment of the trial court.


Charles van Cleef
Justice

Date Submitted:     June 16, 2026
Date Decided:       June 29, 2026